# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT C. GUTIERREZ, individually
and as representative of a class of
TRANSIT DEPARTMENT PLAINTIFFS,
and OTHERS SIMILARLY SITUATED,

    Plaintiffs,

vs.                                                                  Civil No. 04-290 WJ/WDS

JENNIFER BEAN, Official Court Reporter,
BEAN & ASSOCIATES, Court Reporters,
and MATTHEW DYKMAN, Court Clerk,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO FILE A LATE RESPONSE AND
GRANTING IN PART AND DENYING IN PART DEFENDANT
BEAN & ASSOCIATES, INC.'S MOTION TO DISMISS**

THIS MATTER comes before the Court pursuant to Defendant Bean & Associates, Inc.'s Motion to Dismiss and for Summary Judgment (Doc. 36) and Plaintiffs' Motion for Leave to File a Late Response Brief (Doc. 41). After Plaintiffs filed their motion for leave to file a late response, Bean & Associates filed a reply to its motion to dismiss and responded therein to Plaintiffs' proposed response. Thus, it appears that Bean & Associates does not oppose the late filing of Plaintiffs' response, the Court will grant Plaintiffs' motion, and the clerk's office will be directed to file and docket Plaintiffs' proposed response attached to Plaintiffs' motion as Exhibit 1. Having considered the submissions of the parties on Bean & Associates, Inc.'s motion to dismiss, and being fully advised on the relevant law, the Court concludes that the motion to dismiss and for summary judgment will be granted in part and denied in part.

**BACKGROUND**

Plaintiffs sued the City of Albuquerque ("City") in or around 1996. In 2001, Rebecca Sitterly was appointed Special Master in the underlying suit to recommend amounts to be awarded as back wages to the Plaintiffs. The Special Master held scheduled hearings and telephone conferences which were recorded by Bean & Associates, a private court reporting firm. Plaintiffs, through their attorney, Paul Livingston, attempted to obtain copies of the transcripts from Bean & Associates but objected to paying two dollars per page for the transcripts.

Plaintiffs submitted a written public records request addressed to the City as well as to Bean & Associates requesting copies of the transcripts of all hearings before Rebecca Sitterly. Plaintiffs, through Mr. Livingston, requested from the City the right to inspect and copy all "transcripts and recordings of depositions, statements, hearings and other proceedings . . . by or for the City of Albuquerque or any of its agencies entities, offices, officials or employees since December 1, 1997 . . . and all contracts, agreements or arrangements for paying Court Reporters and records of payment(s) to such Court Reporters from December 1, 1997." Defendant's Undisputed Material Fact ¶ 6, admitted by Plaintiffs in their Response.

Bean & Associates refused to provide the transcripts without payment for copies in the amount of two dollars ($2.00) per page. On June 24, 2002, Plaintiffs verbally modified their request to ask for copies of hearings and depositions before Rebecca Sitterly. The City agreed to permit Plaintiffs to inspect and copy the records requested. The City provided Plaintiffs, through Mr. Livingston, with all records or transcripts of the hearings, depositions or other proceedings in the matter before Ms. Sitterly, including transcripts prepared by Bean & Associates. The charge for these was $16.00.

On June 26, 2002, United States Senior District Judge Hansen entered an order requiring payment to Bean & Associates of fees attributable to any deposition or transcript copies received by Plaintiffs from the City which were prepared by Bean & Associates. See United Transportation Union, Local 1745 v. City of Albuquerque, No. CIV-96-0716 LH/ACT, Doc. 311. Judge Hansen further ordered that "a lien be placed on any subsequent recovery by Plaintiffs for damages and/or attorneys fees in the amount of reasonable Court Reporters fees attributable to any copies of these proceedings Plaintiffs secured from the City of Albuquerque." Id. (emphasis added). Plaintiffs do not dispute that the Order was the result of a hearing on June 26, 2002 for which Plaintiff received notice on that same date but which Plaintiffs did not attend. See Plaintiffs' Response ¶ 1 admitting Defendant's Fact Nos. 1 through 12, 14 and 15.

On July 16, 2002, Plaintiffs filed a motion for sanctions seeking sanctions against opposing counsel and Jennifer Bean, the court reporter in the case, for misconduct in soliciting favors from the Court and participating in *ex parte* communications with the Court which resulted in the lien. See United Transportation Union, No. CIV-96-0716, Doc. 314. In its Order denying the motion, the Court noted that the conference on June 26, 2002 had been initiated by the Court, and Plaintiffs had been given notice of the conference. See United Transportation Union, No. CIV-96-0716, Doc. 330. The Court concluded that any criticism of the Court's decision to impose a lien should be raised in a motion for reconsideration rather than in a motion for sanctions leveled at opposing counsel and Jennifer Bean. Id.

Plaintiffs did not file a motion for reconsideration. Instead, nearly a year later, on April 3, 2003, Plaintiffs filed a motion to quash the lien. See United Transportation Union, No. CIV-96-0716, Doc. 357. There is no indication in the record of United Transportation Union that the

3

motion to quash was ruled upon. However, the motion was apparently termed when final judgment was entered and the case was dismissed with prejudice on March 18, 2005. See United Transportation Union, No. CIV-96-0716, Doc. 411. Moreover the lien was apparently still in force when Judge Hansen granted in part a motion by the defendants in that case to deposit in the Court registry an amount sufficient to cover the amount owed on the lien. See United Transportation Union, No. CIV-96-0716, Doc. 429.

Plaintiffs filed an appeal of many of the issues decided in United Transportation Union including the lien itself and the Court's order denying their motion for sanctions against opposing counsel and Jennifer Bean. See United Transportation Union, No. CIV-96-0716, Docket No. 386 (appealing Docket Nos. 311 and 330). The Tenth Circuit dismissed the appeal. See United Transportation Union, No. CIV-96-0716 Docket No. 400. While the Tenth Circuit's Order dismissing the appeal does not state the grounds for the dismissal, the Court notes that the appeal was filed in October 2003, well before final judgment was entered in the underlying case in March 2005. Thus, it is likely the appeal was dismissed as an interlocutory appeal over which the Tenth Circuit did not have jurisdiction. Plaintiffs did not file any appeal after final judgment was entered.

The Plaintiffs did not reimbursed Bean & Associates for the transcripts they obtained through the City. The Plaintiffs, through Mr. Livingston, settled the underlying suit, and the City and Mr. Livingston further agreed to a $175,000.00 payment to an annuity in the name of Mr. Livingston for attorney's fees. On March 22, 2005, Bean & Associates asked that it receive $4,159.02 from the settlement proceeds.

The settlement proceeds were paid out to the Plaintiffs without any amounts deducted for the payment of court reporters' fees. Of the $175,000 to be paid to Mr. Livingston, more than $4,000 was placed in the Court registry to cover the lien. See United Transportation Union, No. CIV-96-0716, Doc. 429.

Plaintiffs in the present case filed their Complaint on March 11, 2004 during the pendency of the underlying lawsuit naming as Defendants the City of Albuquerque; the Mayor the of City; The CAO of the City; an Assistant City Attorney; the City Attorney; Jennifer Bean, an official Court Reporter; Bean & Associates; Rebecca Sitterly, Esq.; and the Court Clerk for the United States District Court for the District of New Mexico. On October 25, 2005, Plaintiffs filed an amended complaint naming only Jennifer Bean in her official capacity, Bean & Associates, and the Court Clerk. The Amended Complaint alleges a claim for Wrongful Liens in Count I against Ms. Bean and Bean & Associates, due process violations in Count II against Defendants Ms. Bean and Bean & Associates, unfair trade practices and price fixing in Count III against all Defendants, violation of the New Mexico Inspection of Public Records Act in Count IV against all Defendants, and a request for declaratory judgment in Count V. On December 22, 2005, the Court entered an Order dismissing Defendant Jennifer Bean and the Court Clerk. Accordingly, Bean & Associates is the only remaining Defendant in this case.

Bean & Associates filed the instant motion to dismiss and for summary judgment on May 24, 2006 arguing that Plaintiffs' claims in Counts I, II, IV and V fail to state a claim and should be dismissed, and that Count III should be dismissed for lack of standing. Alternatively, Bean & Associates moved for summary judgment on all claims. Plaintiffs did not file a timely response to the motion. On June 30, 2006, Plaintiffs filed their motion for leave to file a late response. On

5

August 2, 2006, Bean & Associates filed a Reply addressing Plaintiffs' proposed Response to the motion to dismiss and also filed a notice of completion of briefing.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Tonkovich v. Kansas Bd. of Regents, University of Kansas, 254 F.3d 941, 943 (10th Cir. 2001). If the Court considers matters outside the pleadings, the Court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(b). However, a court is permitted to take judicial notice of its own records without converting a motion to dismiss to a motion for summary judgment. Van Woudenberg v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000) abrogated on other grounds by McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir. 2001).

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Worrell v. Henry, 219 F.3d 1197, 1204 (10th Cir. 2000). The burden of showing an absence of a genuine issue of material fact falls upon the moving party. See Adler v Wal-Mart Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998). However, when the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by pointing out to the Court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp.

v Catrett, 477 U.S. 317, 322-23 (1986); Adler, 144 F.3d at 671. The nonmoving party must then go beyond the pleadings to set forth specific facts showing that there is a genuine issue for trial sufficient to support a verdict for the nonmovant. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Sierra Club v. El Paso Gold Mines, Inc., 421 F.3d 1133, 1150 (10th Cir. 2005). In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party. Worrell, 219 F.3d at 1204.

In this case, Bean & Associates makes a facial attack on the complaint's allegations as to the existence of standing for Count 3. Standing implicates a jurisdictional question subject to dismissal under Fed. R. Civ. P. 12(b)(1). See Rector v. City and County of Denver, 348 F.3d 935, 942 (10th Cir. 2003). "Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Maestas v. Lujan, 351 F.3d 1001, 1013 (10th Cir. 2003) (internal citation and quotations omitted). In reviewing a facial attack on the complaint pursuant to Fed. R. Civ. P. 12(b)(1), a district court must accept a plaintiff's allegations as true and construe the complaint in the plaintiff's favor. United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001).

**DISCUSSION**

I.     CLAIM FOR WRONGFUL LIEN IN COUNT I

In Count I of the Amended Complaint, Plaintiffs allege that former Defendant Jennifer Bean sought and secured a hearing before United States District Judge Hansen who was presiding over the underlying case, and Judge Hansen granted Jennifer Bean's requested relief by issuing liens against Plaintiffs' recovery in that suit for the court reporter's transcript fees. Plaintiffs alleged they are entitled to relief against both Jennifer Bean and Bean & Associates for wrongful lien.

The record in United Transportation Union shows that Judge Hansen issued an order that Plaintiffs must pay for transcripts and placed a lien on any recovery by Plaintiffs in the amount of the court reporter's fees. No. CIV-96-0716, Doc. 311. The record also shows that Judge Hansen specifically concluded that neither opposing counsel nor Jennifer Bean were responsible for the issuance of the lien and that the sole responsibility for the lien rested with the Court. See United Transportation Union, No. CIV-96-0716, Doc. 330.

Bean & Associates contends that this Count fails to state a claim on which relief can be granted because there is no legal cause of action stated. Plaintiffs' response offers nothing in the way of explanation for the source of a cause of action for "wrongful lien," and the Court finds nothing in New Mexico or federal law regarding a general cause of action for "wrongful lien." While there is some case law indicating the recognition of such claims based on statute, See e.g., Tabet Lumber Co., Inc. v. Romero, 872 P.2d 847 (N.M. 1994) (claim for wrongful lien under N.M. Stat. Ann. § 48-2-14 for mechanic's and materialman's liens), there is no indication of a general claim of "wrongful lien" under principles of tort or contract law. Thus, I conclude that Plaintiffs' claim of "wrongful lien" is not a claim upon which relief can be granted.

Additionally, the "lien" in this case is in the form of an order issued by another United States District Court Judge in a case that was pending at the time the instant case was filed. Plaintiffs did not properly pursue an appeal of Judge Hansen's order imposing the lien, and the time to appeal that order has run. In essence, Plaintiffs seek to have this United States District Judge collaterally rescind an order by another United States District Judge by filing this separate cause of action. Plaintiffs cannot do an end run around the rules of appellate practice, and I cannot and will not collaterally rescind a colleague's order in a related case. Accordingly, Plaintiffs' claim in Count I for wrongful lien will be dismissed for failure to state a claim.

II.     CLAIM FOR DUE PROCESS VIOLATION IN COUNT II

In Count II of the Amended Complaint, Plaintiffs allege that former Defendant Jennifer Bean and Defendant Bean & Associates violated Plaintiffs' due process rights. Bean & Associates argues that it is entitled to dismissal of this claim because Bean & Associates had no duty to provide due process to Plaintiffs in the underlying litigation. Plaintiffs respond that Bean & Associates violated their due process by obtaining an *ex parte* lien through an *ex parte* procedure.

The Fifth Amendment to the Constitution of the United States prohibits the government from depriving a person of life, liberty or property without due process. U.S. Const. amend. V. The prohibition does not generally apply to private parties. Public Utilities Commission of District of Columbia v. Pollak, 242 U.S. 451 (1952). Plaintiffs have not alleged any government action on the part of Bean & Associates for which they could be held to answer for a due process violation. Accordingly, Plaintiffs fail to state a due process claim against Bean & Associates, and Count II will be dismissed for failure to state a claim.

9

Even if Bean & Associates were not entitled to dismissal, they would be entitled to summary judgment. Black's Law Dictionary defines an *ex parte* proceeding as a "proceeding in which not all parties are present or given the opportunity to be heard." Black's Law Dictionary 1221 (7th ed.1999). It further defines *ex parte* as "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested." Id. at 597. As the court in United States v. Forbes discussed, a proceeding or order is said to be *ex parte* when it is taken at the instance and for the benefit of one party only without the ability of the other party to contest it. 150 F.Supp.2d 672, 677 (D.N.J. 2001). The court further reasoned that, by its nature, one must actually be a party before a communication is considered ex parte. Id.; see also Alley v. Bell, 101 F.Supp.2d 588, 617 (W.D. Tenn. 2000) (trial court judge's communications with law student interns were not ex parte communications).

Even Plaintiffs recognize that Bean & Associates was not a party to the underlying case. See Plaintiffs' Response p. 4 (Plaintiff's Statement of Additional Facts No. 9). Thus, Jennifer Bean's communication with Judge Hansen was not an *ex parte* communication. Even if the communication had been *ex parte*, Judge Hansen's Order imposing a lien to cover court reporter fees was not issued *ex parte*. As Plaintiffs admit, they received notice that Judge Hansen was holding a conference. While counsel for Plaintiffs did not attend the conference at which the Order was issued, he certainly had the opportunity to do so. Perhaps if Mr. Livingston had bothered to attend the hearing before Judge Hansen, the lien might not have been imposed. Thus, Plaintiffs had notice and an opportunity to be heard before the lien was issued. Moreover, Plaintiffs had an opportunity to contest the lien after it was issued by filing a motion to reconsider

10

and by appealing Judge Hansen's order after final judgment was issued in the underlying case. Plaintiffs and their counsel did not avail themselves of these opportunities.

Accordingly, Bean & Associates is entitled to dismissal of Count II for failure to state a claim and, alternatively, is entitled to summary judgment on this claim.

III.     CLAIM FOR UNFAIR TRADE PRACTICES AND PRICE FIXING IN COUNT III

Count III of Plaintiffs' Amended Complaint alleges that Bean & Associates engaged in price fixing, price gauging and illegal tying in violation of the New Mexico Unfair Trade Practices Act (UTPA), N.M. Stat. Ann. 1978 § 57-12-1 et seq., and federal law by charging two dollars per page for transcripts that had allegedly become public record when the City purchased copies for purposes of the litigation. Bean & Associates' only argument for dismissal of Count III is that Plaintiffs lack standing to bring the claim.

Article III of the Constitution of the United States confines federal courts to the adjudication of actual cases or controversies. U.S. Const. Art. III § 2; Allen v. Wright, 468 U.S. 737, 750 (1984). Several doctrines have been developed to elaborate the case or controversy requirement, and among these is the doctrine of standing. Allen, 468 U.S. at 750. To have constitutional standing, a plaintiff must establish (1) that he or she personally has suffered an "injury in fact,"(2) that a causal relationship exists between the challenged conduct and the injury, and (3) a likelihood that the injury will be redressed by a favorable decision. Northeastern Chapter of Fla. Associated Gen. Contractors v. City of Jacksonville, 508 U.S. 656, 663-64 (1993). Additionally, in order to meet prudential standing requirements, a plaintiff must assert his own rights rather than those belonging to third parties. Sac & Fox Nation v. Pierce, 213 F.3d 566, 573 (10th Cir. 2000).

11

Plaintiffs' counsel, Mr. Livingston, previously filed a lawsuit nearly identical to this one except that Mr. Livingston, himself, was the plaintiff in that case. See Livingston v. Bean, No. CIV-03-495 JH/RLP. In a Memorandum Opinion and Order filed in that case on September 30, 2004, United States District Judge Herrera concluded that Mr. Livingston's Complaint did not contain allegations that the transcript copying costs "were incurred by Plaintiff Livingston or that Plaintiff Livingston was in any manner responsible for payment of the costs." Livingston, No. CIV-03-495, Doc. 52. Accordingly, Judge Herrera dismissed Mr. Livingston's claim for price fixing, price gauging and illegal tying on the basis that Mr. Livingston's Complaint failed to adequately allege that he had standing to bring the claim.

The allegations in the Amended Complaint in this case are nearly identical to those in the Complaint in Livingston. However, Mr. Livingston is not the Plaintiff here, and the Plaintiffs are the individuals who were also Plaintiffs in the case before Judge Hansen. The Amended Complaint in this case clearly alleges that the Plaintiffs made requests of Bean & Associates for copies of transcripts, that Bean & Associates refused to provide copies unless the Plaintiffs paid two dollars per page for the transcripts, and that Plaintiffs were ordered by Judge Hansen to pay the court reporter's fees for transcripts. Amended Complaint ¶¶ 8-10, 14, 21. Thus, the Amended Complaint clearly alleges that these Plaintiffs incurred copying costs and were responsible for payment of the costs. These are sufficient allegations of standing to meet the minimal notice pleading requirements of Fed. R. Civ. P. 8. See United Steelworkers of America v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1228 (10th Cir. 2003) (the requirements at the pleading stage are *de minimus*). Because Bean & Associates brings only a facial attack on the

12

allegations of standing in the Amended Complaint, the motion to dismiss Count III for lack of standing must be denied.[1]

IV.   CLAIM FOR VIOLATION OF THE INSPECTION OF PUBLIC RECORDS ACT IN COUNT IV.

Under the New Mexico Public Records Act (PRA), all persons have a right to inspect public records in New Mexico. N.M. Stat. Ann. 1978 § 14-2-1. The PRA provides that each public body shall designate a custodian of public records who shall receive and respond to requests for inspection, provide proper and reasonable opportunities to inspect public records, and provide reasonable facilities to make or furnish copies of the public records. N.M. Stat. Ann. 1978 § 14-2-7. Under the PRA, a custodian receiving a written request to inspect public records must permit the inspection immediately or as soon as practicable, but not later than fifteen days after receiving the request. N.M. Stat. Ann. 1978 § 14-2-8.

Bean & Associates contends that it is not the custodian of public records so is not subject to an action under the PRA. In their Response, Plaintiffs withdraw this claim and consent to a grant of summary judgment in favor of Bean & Associates on this claim. Accordingly, Bean & Associates is entitled to summary judgment on Count IV of Plaintiffs' Amended Complaint.

V.   CLAIM FOR DECLARATORY JUDGMENT IN COUNT V

---

[1] In its Reply, Bean & Associates argues that Plaintiffs have failed to state a claim for an unfair or deceptive trade practice under the UTPA because Plaintiffs have not alleged any sale of goods or services. Bean & Associates did not argue this in their initial motion. Even if the Court were to allow Plaintiffs an opportunity to file a surreply in order to consider this argument, there would be remaining issues with regard to this claim because Plaintiffs appear to attempt to allege an unconscionable trade practice under the UTPA, See Amended Complaint ¶ 46, and hint at violations of the Sherman Act by reference to federal law, "price fixing" and "tying, See Id. at ¶¶ 48-49 ." Thus, the Court will not address whether Plaintiffs have stated a claim in Count III at this time. However, Bean & Associates is not foreclosed from filing additional dispositive motions with regard to this claim.

In Count V of the Amended Complaint, Plaintiffs ask the Court to declare:

1. Whether Plaintiffs and the public are entitled to free or nominal cost copies of transcripts required to be filed with the Court Clerk . . . ?
2. Whether electronic access to copies of transcripts must be provided by the Court Clerk on the same basis as access to other records in the court files . . . ?
3. Whether official or private court reporters may properly charge more than the actual cost of copies for making copies of transcripts which they were previously paid to transcribe?
4. Whether more than a nominal charge based on actual cost is "reasonable" for making a copy of a computer disk or compact disk, either by a court reporter or the Court Clerk, or for allowing electronic access to files of transcripts of court proceedings?
5. What provisions and fees will apply to copies of transcripts of court proceedings after implementation of the "PACER" and/or "CM/ECF" systems?
6. Are the announced elimination of the "ACE" system and implementation of the "PACER" and/or "CM?ECF" systems matters requiring the amendment of existing local rules and/or promulgation of new Local Rules in conformance with the requirements of Rule 83 of the Federal Rules of Civil Procedure?

Amended Complaint ¶ 60.

Bean & Associates contends that Plaintiffs' allegations in Count V fail to state a cause of action. With regard to Plaintiffs' requested declarations numbers 1, 2, 5 and 6 above, even if a cause of action is stated, Bean & Associates is not a proper defendant for these declarations. These declarations concern the Court Clerk and not a private court reporting service. Thus, Bean & Associates is entitled to dismissal of Count V to the extent Plaintiffs are asking for a declaratory judgment against it with regard to these matters.

With regard to number 3 and 4 above, Plaintiffs are requesting a declaratory judgment with respect to court reporters. However, a claim for declaratory relief must be based on a justiciable controversy between the parties. Kunkel v. Continental Cas. Co., 866 F.2d 1269 (10th Cir. 1989). Additionally, the court must be satisfied that the declaratory relief is appropriate with regard to the controversy. White v. National Union Fire Ins. Co., 913 F.2d 165 (4th Cir. 1990).

At this time, the only possible justiciable controversy between Plaintiffs and Bean & Associates is the claim in Count III of Plaintiffs' Amended Complaint. In this claim, Plaintiffs essentially allege that Bean & Associates' transcript fees for transcripts that are already filed of record in a court case are fixed, grossly disproportionate and unreasonable. Even if this claim were to proceed through to final judgment in favor of Plaintiffs,[2] the relief requested in numbers 3 and 4 above would not be appropriate with regard to Bean & Associates. A determination that a price is fixed, unreasonable or disproportionate would not result in a court fixing at actual costs or a nominal amount the price that a private court reporting entity could charge for its products or services.

Plaintiffs' theory that the appropriate price for transcripts should be the actual cost or a nominal fee is based on their assertion that transcripts become public record after they are filed with the Court and should be available at the same price and in the same manner as all other documents filed of record. However, this theory, even if true, would only apply to the fee charged by the Court and would not affect any prices charged by a private entity. For instance, court decisions are available from the Court at the nominal fee charged for other court records, but electronic legal research services such as Westlaw and Lexis are free to charge much higher prices for access to these same decisions. Because the Court could not appropriately declare, even with a judgment in Count III in favor of Plaintiffs, that Bean & Associates must charge only its actual costs or a nominal fee, the declaratory relief requested is not appropriate for any actual case or controversy between these parties, and Bean & Associates is entitled to dismissal of the declaratory judgment claim in Count V of Plaintiffs' Amended Complaint.

---

[2] The Court is not in any way suggesting that this is an anticipated result of this litigation.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File a Late Response Brief (Doc. 41) is hereby GRANTED, and the Clerk of Court is hereby directed to file and docket Plaintiffs' proposed response which is attached to Plaintiffs' motion as Exhibit 1.

IT IS FURTHER ORDERED that Defendant Bean & Associates, Inc.'s Motion to Dismiss and for Summary Judgment (Doc. 36) is hereby GRANTED IN PART and Counts I, II, IV and V of Plaintiffs' Amended Complaint are hereby DISMISSED WITH PREJUDICE.

IT IS FINALLY ORDERED that Defendant Bean & Associates, Inc.'s Motion to Dismiss and for Summary Judgment (Doc. 36) is hereby DENIED IN PART with respect to Count III of Plaintiffs' Amended Complaint.

_____
UNITED STATES DISTRICT JUDGE