IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT C. GUTIERREZ, individually
and as representative of a class of
TRANSIT DEPARTMENT PLAINTIFFS,
and OTHERS SIMILARLY SITUATED,

      Plaintiffs,

vs.                                                               Civil No. 04-290 WJ/WDS

JENNIFER BEAN, Official Court Reporter,
BEAN & ASSOCIATES, Court Reporters,
and MATTHEW DYKMAN, Court Clerk,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court pursuant to Defendant's Motion for Partial Summary Judgment on Count 3 of Plaintiffs' Complaint (Doc. 46). Having reviewed the submissions of the parties and being fully advised on the relevant law, I conclude the motion is well taken and shall be granted.

**BACKGROUND**

Plaintiffs sued the City of Albuquerque ("City") in or around 1996. During the course of that litigation, Plaintiffs wished to obtain copies of transcripts of hearings before a special master. Plaintiffs submitted a written public records request for the transcripts to the City and to Bean & Associates, a private court reporting firm that had recorded the hearings. Bean & Associates refused to provide copies of the transcripts unless Plaintiffs paid $2.00 per page for them. However, the City had already obtained copies of the transcripts at $4.50 per page, and provided

Plaintiffs with the transcripts on computer disks for $1.00 per disk for a total charge of $16.00. The transcripts had also been provided to the Court but were not filed with the Clerk's office. Subsequently, the judge presiding over the underlying lawsuit entered an order requiring Plaintiffs to pay fees to Bean & Associates for any copies of transcripts Plaintiffs had received from the City that had originally been prepared by Bean & Associates.  The judge also placed a lien in the amount of reasonable court reporters' on any recovery received by Plaintiffs in the lawsuit. Plaintiffs did not move the court to reconsider its order or the lien.  A year later, Plaintiffs did move to quash the lien, but the court entered final judgment in the lawsuit before ruling on the motion to quash.  Plaintiffs did not appeal any of the issues in the lawsuit following the entry of final judgment in that case.  However, before final judgment was entered, Plaintiffs filed this lawsuit against Bean & Associates ("Defendant").[1]  At the time Plaintiffs filed the Complaint, Defendant was continuing to bill them for the transcripts they had received from the City. Plaintiffs' Amended Complaint alleged five counts against Defendant.  By Memorandum Opinion and Order filed August 7, 2006 (Doc. 44), this Court dismissed all but Count 3.  By Memorandum Opinion and Order filed December 13, 2006 (Doc. 56), Plaintiffs' state and federal antitrust claims in Count 3 were dismissed.  All that remains are Plaintiffs' claims under the New Mexico Unfair Practices Act ("UPA").

Defendant filed the instant motion for summary judgment arguing that it is entitled to summary judgment on Plaintiffs' claims under the UPA as well as several claims that have already been dismissed.  The motion contains a statement of undisputed material facts ("UMF") that are

---

[1]Other defendants were initially named but have subsequently been dismissed.

supported by the affidavit of Jennifer Bean, the principal court reporter of Bean & Associates, as well as business records of Bean & Associates that are authenticated by Ms. Bean's affidavit.

In their response to the motion for summary judgment, Plaintiffs contend that several of Defendant's UMF are disputed. In disputing these facts, however, Plaintiffs make reference only to their Amended Complaint and offer no evidence showing a disputed issue of material fact. Accordingly, the following facts are undisputed.

The cost for a hearing transcript reflects the time and effort a court reporter expends in attending a hearing, taking down testimony, transcribing and editing the transcript and creating a final product. The total cost for preparing the hearing transcript is then prorated to each litigating party. In the court reporting trade, nationwide, the party who requests the hearing ("requesting party") pays more of the total cost because this party must pay for an original for the court and one copy for itself. On the other hand, the party who did not request the hearing ("non-requesting party") pays a lesser portion of the cost of the transcript since only one copy of the transcript is usually ordered by the non-requesting party. Because costs are apportioned at the time the transcription is made, any payment by one party is only partial and does not fully compensate the court reporter for the total costs incurred in generating the transcript.

Both locally and nationally, court reporters prorate hearing transcript costs among litigating parties in the same manner. There are no known court reporters who have assessed the entire cost of preparing a hearing transcript to only one party and then charge nominal amounts to other parties for subsequent print-outs and/or disks of the same transcript.

During the previous litigation between the City and Plaintiffs, Bean & Associates apportioned rates for hearing transcripts at $4.50 per page for the requesting party and $2.15 per

page for the non-requesting party.  Today, Bean & Associates' apportioned rates for hearing transcripts are $4.94 per page for the requesting party and $2.48 for the non-requesting party.  Past and present, such amounts represented the market value and were competitive with what other court reporters in the local area charged at the time for hearing transcripts.  During the previous litigation between the City and Plaintiffs, the City was charged $4.50 per page for hearing transcripts.  In addition, Plaintiffs' counsel was informed that copies of the hearing transcripts would cost $2.00 per page, which was a discounted rate.  The $4.50 per page figure paid by the City partially accounted for the time and effort of Bean & Associates in preparing the hearing transcripts.  The discounted rate of $2.00 per page provided to Plaintiffs accounted for the rest of the amount of time and effort expended by Bean & Associates in preparing the hearing transcripts.  The discounted rate provided to Plaintiffs was consisted with the prorated costs charged to litigating parties for hearing transcripts.

In the court reporting trade, nationwide, court reporters do not charge for hearing transcripts on a "pennies per page basis."  The discounted $2.00 per page rate given to Plaintiffs was never based on the nominal reprinting costs of hearing transcripts from computer disk format.  At all times pertinent hereto, Bean & Associates court reporters were working as fee-lance court reporters and not Official Court Reporters under the Federal Court Reporter Act.  Because the transcripts at issue were made during hearings before a special master, Bean & Associates was not required to file transcripts with the Court until the case was completed.

Hearing transcript rates for free-lance court reporters are determined by the market and not by the New Mexico Inspection of Public Records Act, the federal Court Reporter Act, the Judicial Conference or the New Mexico U.S. District Court.  No computer disk fee was ever

charged to Plaintiffs.  Plaintiffs have not paid for those special master hearing transcripts given to Plaintiffs by the City of Albuquerque.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; Worrell v. Henry, 219 F.3d 1197, 1204 (10th Cir. 2000).  The burden of showing an absence of a genuine issue of material fact falls upon the moving party.  See Adler v Wal-Mart Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  However, when the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by pointing out to the Court that there is an absence of evidence to support the nonmoving party's case.  Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Adler, 144 F.3d at 671.  The nonmoving party must then go beyond the pleadings to set forth specific facts showing that there is a genuine issue for trial sufficient to support a verdict for the nonmovant.  Anderson v Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Alleging the mere existence of some disputed evidence will not defeat a properly supported motion for summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Plaintiff cannot rely on conclusory allegations as the basis for defeating a motion for summary judgment because conclusory allegations do not create a genuine issue of disputed fact. Annett v. University of Kansas, 371 F.3d 1233, 1237 (10th Cir. 2004).  The nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. Bausman v Interstate Brands Corp., 252 F.3d 1111, 1115 (10th cir. 2001).  Issues concerning all other elements of a claim become immaterial if the movant does not come forward with sufficient evidence on any essential element of the cause of action.  Montgomery v. City of Ardmore, 365

F.3d 926, 935 (10th Cir. 2004). When the nonmovant does not dispute the movant's statement of undisputed facts, those facts are deemed admitted for purposes of the summary judgment motion. Walker v. City of Orem, 451 F.3d 1139, 1155 (10th Cir. 2006). In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Sierra Club v. El Paso Gold Mines, Inc., 421 F.3d 1133, 1150 (10th Cir. 2005). In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party. Worrell, 219 F.3d at 1204.

**DISCUSSION**

The New Mexico Unfair Practices Act ("UPA") makes unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce unlawful. N.M. Stat. Ann. 1978 § 57-12-3. "Trade" or "commerce" includes the advertising, offering for sale or distribution of any services and any commodity or thing of value. N.M. Stat. Ann. 1978 § 57-12-2(C). Under this broad definition, Bean & Associates is engaged in "trade" or "commerce" in New Mexico. Defendant assumes that Plaintiffs claims in Count 3 include a claim for unfair trade practices and a claim for unconscionable trade practices and argues that it is entitled to summary judgment on both claims.

I.   UNFAIR TRADE PRACTICES

An "[u]nfair or deceptive trade practice" is any act specifically declared unlawful pursuant to the UPA and any "false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of

goods or services . . . by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person . . .. N.M. Stat. Ann. 1978 § 57-12-2(D). An essential element of a claim for unfair or deceptive trade practice is that a false or misleading statement, description or other representation of any kind was made in connection with the sale, lease rental or loan of goods or services. Eckhardt v. Charter Hospital of Albuquerque, Inc., 953 P.2d 722 (N.M. App. 1997).

Defendant's evidence shows that Defendant made a representation that its price to Plaintiffs for transcripts was $2.00 per page. Plaintiffs have presented no evidence in response to Defendant's motion for summary judgment showing that this representation was false or misleading. Nor have Plaintiffs presented any evidence that Defendant made any other statement, description or representation in connection with the sale, lease, rental or loan of goods or services that was false or misleading in any manner. Plaintiffs have thus failed to meet their burden of showing a disputed issue of material fact with regard to an element of their claim of deceptive or unfair trade practices, and Defendant is entitled to summary judgment with regard to this claim.

## II.   UNCONSCIONABLE TRADE PRACTICES

An "[u]nconscionable trace practice" is "any act or practice in connection with the sale lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, . . . which to a person's detriment . . . results in a gross disparity between the value received by a person and the price paid.[2] N.M. Stat. Ann. 1978 § 57-12-2(E)(2).

---

[2]An unconscionable trade practice also includes any act or practice in connection with the sale of goods or services which takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree. N.M. Stat. Ann. 1978 § 57-12-2(E)(1).

7

Defendant's evidence shows that the price charged for copies of transcripts includes more than the cost of the computer disks, paper, or other format onto which the transcripts are copied. The price also includes a charge for the time and effort of the court reporter in attending a hearing, taking down testimony, transcribing and editing the transcripts and creating a final product. Defendant's evidence shows that these costs are not fully recovered from the sale of the first copy of a transcript to the party requesting the hearing because these costs are allocated among the parties. Accordingly, the price charged to the non-requesting party for a copy of a transcript includes outstanding costs for the court reporter's time and skill. This evidence is sufficient to make a prima facie showing that there is no gross disparity between the value of the copies of the transcripts received by Plaintiffs and the $2.00 per page price Defendant charged for those copies. See Hernandez v. Wells Fargo Bank of New Mexico, 128 P.3d 496 (N.M. App. 2005).

Plaintiffs argue in response to the motion for summary judgment that the costs of preparing a transcript are not allocated among the parties to a hearing and that these costs were fully paid when the City of Albuquerque paid for a copy of the transcripts. Plaintiffs make additional similar arguments in an attempt to overcome summary judgment. However, Plaintiffs have offered absolutely no evidence to rebut Defendant's prima facie showing or to show a disputed issue of material fact with regard to any element of a claim of unconscionable trade practices. Accordingly, Defendant is entitled to summary judgment with regard to Plaintiffs' unconscionable trade practices claim.

---

However, this portion of the statute is not relevant in this case because there are no factual allegations in Plaintiffs' Amended Complaint even hinting at a claim of unconscionable trade practices based on taking grossly unfair advantage.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Summary Judgment on Count 3 of Plaintiffs' Complaint (Doc. 46) is hereby GRANTED and JUDGMENT is granted in favor of Defendant on Plaintiffs' claims in Count 3 under the New Mexico Unfair Practices Act.

_____
UNITED STATES DISTRICT JUDGE